FILED
2013 Sep-16 PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                      JASPER DIVISION

SHIRLEY RIGSBY,                }
                               }
     Plaintiff,                }
                               }   Case No. 6:11-cv-2314-WMA-TMP
                               }
THE UNITED STATES OF AMERICA,  }
                               }
     Defendant.                }
                               }
```

**MEMORANDUM OPINION**

Plaintiff, Shirley Rigsby ("Rigsby"), instituted the present action alleging that the negligence and wantonness of an employee of defendant, The United States of America, proximately caused the injuries she sustained on February 3, 2010, and that she is entitled to damages under the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"). Before the court is defendant's motion for summary judgment. The Report and Recommendation ("R & R") entered by the magistrate judge to whom the parties did not concede dispositive jurisdiction recommends that summary judgment be granted. After reviewing the motion for summary judgment and responsive filings *de novo,* as required by 28 U.S.C. § 636(b)(1), in view of Rigsby's timely objections to the R & R, the court reaches the same conclusion reached by the magistrate judge. This memorandum opinion is written to set forth the court's reasoning because its reasoning significantly differs from that of the magistrate judge.

**Background**[1]

This action arises out of injuries sustained by Rigsby when she tripped over a box and fell at the United States Post Office in Jasper, Alabama on February 3, 2010. Rigsby's claim hinges on whether postal employee Melissa Sherer ("Sherer") saw a male customer at her service counter place the box (over which Rigsby fell) on the floor in front of the counter after she directed him to fill out forms at another counter. This factual dispute constitutes the core of the controversy.

The parties offer contrary evidence on whether Sherer had actual notice of the box being placed on the floor. Defendant asserts that Sherer did not have actual notice. In support, it presents Sherer's affidavit and sworn testimony stating that she did not see the box being placed on the floor because the post office was very busy and she was focused on the next customer. Rigsby questions Sherer's credibility and relies on the post office's physical layout to contend that Sherer must have seen the box being placed on the floor because the man with the box was in her direct line of sight while she was looking towards the next customer in line. Although Rigsby's evidence is circumstantial, the court does not find, as defendant contends, that the question of Sherer's notice is undisputed. In other words, the court does not find that Rigsby has presented **no** evidence whatsoever to

---

[1] Pursuant to Rule 56, F. R. Civ. P., all admissible evidence is viewed in the light most favorable to Rigsby and all reasonable inferences are drawn in her favor.

suggest that Sherer noticed the box being placed on the floor.

In all respects other than the dispute over Sherer's actual notice, the court adopts the undisputed facts detailed in the R & R.

## Analysis

In order to grant summary judgment, a court must determine that no genuine issue of material fact exists so that the movant is entitled to judgment as a matter of law. F. R. Civ. P. 56. To determine whether a genuine issue of material fact exists, the court "must bear in mind the actual quantum and quality of proof necessary to support liability" under the particular claim and thereby consider the evidence "through the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). Thus, the inquiry here is whether a reasonable jury could find in favor of Rigsby through the prism of Alabama tort law.[2] As explained below, the court concludes that a reasonable jury could not find in favor of Rigsby because the applicable Alabama tort law requires "substantial" evidence of Sherer's having noticed the placing of the box on the floor, and the evidence

---

[2] Alabama law supplies the rules of decision for Rigsby's claim as "the law of the place where the act or omission complained of occurred." 28 U.S.C.A. § 2674. The court focuses on negligence, even though Rigsby also alleges that Sherer wantonly breached her duty of care to invitees, because wantonness requires both actual notice and the additional element of consciousness that injury would likely result. *See Kilcrease v. Harris*, 288 Ala. 245, 251 (1972). If Rigsby's evidence of Sherer's actual notice does not satisfy the negligence standard, it necessarily does not satisfy the wantonness standard.

presented does not satisfy this enhanced burden. *See Speer v. Pin Palace Bowling Alley*, 599 So. 2d 1140, 1143 (Ala. 1992). The evidence in this case admittedly presents a very close question. Perhaps it would best be answered by the Supreme Court of Alabama by this court certifying the question to that court, but because that court only very recently declined to answer what this court thought to be a closer question of Alabama law than this one, this court will do its best with what it has to work with.

FTCA and Premises Liability

Before evaluating Rigsby's attempt to meet her evidentiary burden, this court must first decide what the applicable substantive evidentiary burden is. The parties disagree on whether to analyze Rigsby's allegations using the framework of traditional negligence or the framework of premises liability. Premises liability is the appropriate framework.

In the Eleventh Circuit, FTCA claims may be brought against the United States under a premises liability theory. *Tisdale v. United States*, 62 F.3d 1367, 1371-72 (11th Cir. 1995). As the Eleventh Circuit explained in *Tisdale*, the United States may be liable under the FTCA directly, vicariously for its employees' affirmative negligent conduct, **or** "*qua* landowner" if the premises were in an unsafe condition. *Id.*; *see also Buckson v. United States*, 151 Fed. App'x 733 (11th Cir. 2005). Although this court is not bound by a holding of the Fourth Circuit, the Fourth Circuit case cited by Rigsby is not even persuasive authority because it

disclaims the concept of premises liability, in contrast to general negligence, only when the premises liability is based on the conduct of a third party contractor working for the premises owner, not the concept of premises liability *in toto*. *See Berkman v. United States*, 957 F.2d 108, 112-13 (4th Cir. 1992).

Although an FTCA claim may be pursued under a traditional negligence theory or under a premises liability theory, premises liability controls where, as here, Rigsby's immediate cause of injury was the condition of the premises, not Sherer's affirmative action or conduct. Alabama tort law distinguishes between situations in which traditional negligence applies and where premises liability applies. The most apt comparison is found in *Baldwin v. Gartman*, 604 So. 2d 347 (Ala. 1992). In that case, an employee left a concrete slab unbalanced on the premises such that it subsequently fell upon and injured an invitee. *Id.* Although the invitee argued that traditional negligence principles applied because the employee's affirmative conduct caused the injury, the Supreme Court concluded that the employee "leaving the slab unattended did not, in and of itself, cause the injury; rather, it produced a dangerous condition." *Id.* at 349. The court emphasized that "[t]he balanced slab was a condition of the premises, no matter how briefly it was balanced," and conduct by the owner of the premises or the employees was not the "immediate cause of injury." *Id.* In the instant case, if Sherer did, in fact, see the box in question being placed on the floor, that bare event did not

immediately cause Rigsby's injury.  Rather, Sherer's conduct, presumed for Rule 56 purposes, resulted in a dangerous condition that existed briefly and that subsequently caused Rigsby's injury.  Thus, Rigsby's claim will be considered only as one of possible premises liability.

Alabama Premises Liability Standard

Having established that Alabama premises liability principles apply, Rigsby must meet the summary judgment standard for the elements of an Alabama premises liability claim.

To prevail in an Alabama premises liability claim for an injury resulting from an invitee's fall, a plaintiff invitee must show that the fall "resulted from a defect or instrumentality located on the premises, that the fall was a result of the defendants' negligence, and that the defendants had or should have had notice of the defect or instrumentality before the [fall]." *Logan v. Winn-Dixie Atlanta, Inc.*, 594 So. 2d 83, 84 (Ala. 1992) (citing *Tice v. Tice*, 361 So. 2d 1051 (Ala. 1978)).  The element of notice may be satisfied by proof of a defendant's actual notice, constructive notice, or delinquency in discovering and failure to remove a dangerous condition. *Speer v. Pin Palace Bowling Alley*, 599 So. 2d 1140, 1143-44 (Ala. 1992); *see also Williams v. Wal-Mart Stores, Inc.*, 342 F. App'x 478, 479 (11th Cir. 2009).

However, if the defendant makes a prima facie showing of no notice, as the United States has done here, "the burden shift[s] to the plaintiff to present **substantial** evidence" of actual notice as

necessarily alleged by plaintiff. *See Speer*, 599 So. 2d at 1143 (emphasis added). "Substantial" evidence means "evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven. A **scintilla** of evidence is insufficient to permit submission of an issue of fact to the trier of facts." A<small>LA</small>. C<small>ODE</small> § 12-21-12(d) (1975) (emphasis added).[3]

To find whether or not there was "substantial" evidence in the context of premises liability in this case, this court looks to *Ex parte Wal-Mart Stores, Inc.*, 806 So. 2d 1247 (Ala. 2001). In *Ex parte Wal-Mart*, defendant argued against constructive notice of a defect by presenting the testimony of a single employee who had closely examined the floor shortly before a fall and had not seen the shampoo in which the plaintiff slipped. *Id.* at 1251. The Supreme Court found that the employee's testimony constituted the necessary prima facie evidence that shifted the burden to the plaintiff to present substantial evidence of notice. *Id.* (citing *Speer*, 599 So. 2d at 1143). When the plaintiff gave her testimony that the shampoo appeared sticky and half dry, that evidence did not qualify, in the view of the Supreme Court, as "substantial"

---

[3] Plaintiff asserts in her Objection to the R & R that "it is a well-known maxim of Alabama law that summary judgment is rarely appropriate in negligence cases because they almost always involve issues of fact." (Doc. 40, at 9). However, the cases cited by Rigsby operated under the "scintilla" burden of proof that was expressly replaced with the "substantial" burden of proof as of June 11, 1987. *See* A<small>LA</small>. C<small>ODE</small> § 12-21-12 (1975).

because inferences from the shampoo's condition alone were "mere conclusory allegations" and "speculation." *Id.* at 1251–53 (internal citation omitted).  If this court had been deciding *Ex part Wal-Mart*, it well might not have reached the conclusion reached by the Supreme Court, being somewhat reluctant to distinguish, as a matter of law, between what is substantial and what is insubstantial or a mere scintilla.  But this court is bound by what the Supreme Court of Alabama said, not by what this court might have said under the same or similar circumstances.

The present case closely mirrors *Ex parte Wal-Mart*. *See id.* Defendant's presentation of Sherer's affidavit and sworn testimony constitutes a prima facie showing of a lack of actual notice.  To avoid summary judgment, Alabama law requires Rigsby to present "substantial" evidence that Sherer had actual notice of the box being placed on the floor. *See id.*  Although Rigsby has presented circumstantial evidence of actual notice, her circumstantial evidence and personal opinion cannot be distinguished from the conclusory allegations or speculation found insufficient in *Ex parte Wal-Mart* and do not rise to the level of the "substantial" evidence demanded by the Supreme Court. *See id.*

Viewing the issue of Sherer's actual notice through the prism of Alabama tort law, the court finds that Rigsby has not presented the "substantial" evidence of actual notice required to allow a reasonable jury to determine the issue.

The court fervently hopes that its conclusion in favor of the

United States will not be attributed to any desire by this court to disprove what the Eleventh Circuit said about this court in *United States v. White*, 846 F.2d 678, 696 (11th Cir. 1988), namely "Judge Acker's position has become hardened against the Government."

    The court will grant summary judgment by separate order.

DONE this 16th day of September, 2013.

 

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE